UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LEONARDO SIMPKINS,

    Petitioner,

v.                                            CASE NO.:  5:24-cv-122-JLB-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**OPINION AND ORDER**

This matter comes before the Court on review of Petitioner Leonardo Simpkins's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed March 13, 2024. (Doc. 1.) Petitioner, who is in the custody of the Florida Department of Corrections, challenges his underlying state court conviction entered by Florida's Fifth Judicial Circuit in and for Marion County, No. 2007-cf-3086-A. Petitioner is serving a 20-year sentence for a 2009 armed robbery conviction.

While a state prisoner who is in custody pursuant to the judgment of a state court is subject to both 28 U.S.C. §§ 2241 and 2254, he cannot evade the procedural requirements of section 2254 by filing his petition under section 2241. Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004) (citing Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). In other words, while applications for writs of habeas corpus are governed by section 2241, a state prisoner's application for a writ of habeas corpus is subject also to the additional restrictions of section 2254.

The Court's records reveal that Petitioner filed a 28 U.S.C. § 2254 petition

attacking the same conviction he attacks in this petition, which was dismissed with prejudice as untimely. See Simpkins v. Sec'y, Dep't of Corr., No. 5:12-cv-117-WTH-PRL, Doc. 20 (M.D. Fla. June 19, 2014). Petitioner has not said he has obtained leave from the Eleventh Circuit to file a successive petition. See 28 U.S.C. § 2244(b); Rules Governing Section 2254 Cases in the United States District Courts, R. 9. "Without authorization, the district court lacks jurisdiction to consider a second or successive habeas petition." Pavon v. Att'y Gen. Fla., 719 F. App'x 978, 979 (11th Cir. 2018) (citation omitted); see also Selden v. Warren, 799 F. App'x 810, 811 (11th Cir. 2020) (affirming the district court's dismissal for lack of jurisdiction because the habeas petition was successive). The Court recognizes the term "second or successive" is not self-defining and not all habeas petitions filed after the first filed habeas petition are per se successive. Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007); Stewart v. United States, 646 F.3d 856, 860 (11th Cir. 2011). Having reviewed the Petition, the Court finds Petitioner has asserted no facts or claims that would fall within the "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863.

Thus, the Court construes the Petition as a § 2254 petition and concludes that it is improperly successive. This case will be dismissed without prejudice to allow Petitioner the opportunity to first seek authorization from the Eleventh Circuit should he wish to lodge a second challenge to his incarceration.[1] Section

---

[1] The Court notes that Petitioner has recently filed several habeas petitions, all of which have been dismissed as successive. See Simpkins v. Sec'y, Dep't of Corr., No. 5:24-cv-95-TPB-PRL, Doc. 4 (M.D. Fla. Feb. 28, 2024) (petition dismissed as

2244(b)(2) limits the circumstances under which the appellate court will authorize filing a second or successive habeas corpus petition.  And 28 U.S.C. § 2244(d) imposes a time limitation on filing a habeas corpus petition.  In seeking relief in the Eleventh Circuit, Petitioner should know of both these provisions.[2]

Accordingly, it is now

**ORDERED:**

1.   Petitioner Leonardo Simpkins, Jr.'s Petition (Doc. 1) is **DISMISSED as successive**.

2.   The Clerk is **DIRECTED** to enter judgment, deny as moot any pending motions, close this case, and send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody" form.

**DONE** and **ORDERED** in Fort Myers, Florida on March 14, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:   Petitioner

---

successive and for lack of jurisdiction); Simpkins v. Sec'y, Dep't of Corr., No. 5:24-cv-108-JLB-PRL, Doc. 4 (M.D. Fla. Mar. 11, 2024) (petition dismissed as successive); Simpkins v. Sec'y, Dep't of Corr., No. 5:24-cv-114-PGB-PRL, Doc. 4 (M.D. Fla. Mar. 13, 2024) (petition dismissed for lack of jurisdiction).

[2]   A certificate of appealability, typically required for appeals from a final order of a habeas proceeding, is not required for an appeal of an order dismissing a petitioner's filing as a successive habeas petition.  See 28 U.S.C. § 2253(c); Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).